# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| **DANNY RAY ALLEN CUTSHALL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No.: 2:20-CV-25-PLR-CRW |
| | ) |
| **JAKE LITTLE, RICKY GRAHAM,** | ) |
| **WESLEY HOLT, FRANKLYN MORGAN,** | ) |
| **SIG, NICK FOSTER, ERIC CUTSHALL,** | ) |
| **ROGER WILLETT, TONI METCALF** | ) |
| **GREENE COUNTY DETENTION CENTER,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 2] and motion for leave to proceed *in forma pauperis* [Doc. 1].

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

A review of Plaintiff's certified inmate trust account record demonstrates that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 1] will be **GRANTED**.

Because Plaintiff is an inmate in the Greene County Detention Center, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee, 37743, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the

custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING

### A. PLAINTIFF'S ALLEGATIONS

On Friday, December 20, 2019, Plaintiff, a probationer, was engaged in a vehicle pursuit with various deputies of the Greene County Sheriff's Department [Doc. 2 p. 3, 15-16]. The pursuit ended when Plaintiff, hiding underneath a house, was bitten by the K-9 dog, Sig, and decided to surrender [*Id*. p. 3-4]. As Plaintiff was crawling out from underneath the house, Deputies Jake Little and Ricky Graham pulled Plaintiff out from underneath the house by his legs and began kicking him in the face and back, causing his eyeglasses to break [*Id*. at 4]. Thereafter, Plaintiff was handcuffed in the driveway and tased several times [*Id*.]. Deputy Little then grabbed Plaintiff's groin and testicles and squeezed them repeatedly while spreading Plaintiff's legs open and attempting to perform an anal cavity search [*Id*. at 4-5]. Deputies Graham and Franklyn

Morgan held Plaintiff down to allow Deputy Little to attempt the search [*Id*. at 5]. Deputies Nick Foster and Eric Cutshall[1] "assisted in this assault" [*Id*.].

Plaintiff, now injured, had to be helped to the patrol car [*Id*.]. He was transported to the Greene County Detention Center, where he requested medical treatment from Defendants Foster, Cutshall, and Lieutenant Toni Metcalf, but he was denied any treatment even after the facility's nurse requested treatment for Plaintiff [*Id*. at 5-6]. Instead, Lieutenant Metcalf placed Plaintiff in lockdown for a few days due to his injuries [*Id*. at 7]. Plaintiff wrote grievances about these incidents to Jail Administrator Roger Willett, who indicated that he would notify Sheriff Wesley Holt of Plaintiff's allegations [*Id*. at 2].

On December 27, 2019, Plaintiff was placed in general population at the Greene County Detention Center, where a nurse examined him and documented his injuries [*Id*. at 7-8]. On January 1, 2020, Plaintiff was brought to Sheriff Holt's office [*Id*. at 8]. By that time, Sheriff Holt had seen a video Plaintiff's family took of Plaintiff's arrest [*Id.*]. When Plaintiff told Sheriff Holt of the sexual assault by Deputy Little, the Sheriff had an officer escort Plaintiff back to general population [*Id*.]. Plaintiff has not spoken with the Sheriff since [*Id*.].

Plaintiff attempted to file a complaint regarding the alleged sexual assault by calling the Prison Rape Elimination Act ("PREA") sexual abuse hotline [*Id*.]. When Plaintiff inquired about a PREA interview, he advised by Lieutenant Metcalf that his allegations do not fall under PREA's purview because Plaintiff has alleged assault by roadside officers, not employees of the Greene County Detention Center [*Id*. at 8-9].

---

[1] There is no indication in the complaint whether Deputy Cutshall is of any familial relation to the Plaintiff.

In the instant complaint, Plaintiff contends that due to the sexual assault and excessive force he experienced, he has suffered suicidal thoughts [*Id*. at 9-11]. He asks the Court to compensate him monetarily for his physical and mental suffering caused by these incidents, as well as for the denial of medical treatment he experienced at the Greene County Detention Center [*Id*. at 11]. He also requests that the Court (1) require Deputy Little to register as a sex offender, (2) terminate the employment of all Defendants, (3) issue a medical furlough/release for Plaintiff, and (4) require Defendants to pay all fees and costs associated with this action [*Id*.].

### B. SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim,

4

however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### C. ANALYSIS

At the outset, the Court finds that Plaintiff cannot sustain a claim against K-9 dog, Sig, or the Greene County Detention Center, as neither are considered a "person" for purposes of a § 1983 suit. *See Dye v. Wango*, 253 F.3d 296, 300 (7th Cir. 2001) (holding a K-9 dog is not a suable "person"); *Batts v. Huff*, No. 2:15-CV-2785-JDT-TMP, 2016 WL 4386068, at *1 (W.D. Tenn. Aug. 17, 2016) ("[A] dog is not a suable entity and is not a 'person' under 42 U.S.C. § 1983"); *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (finding that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Therefore, Defendants Sig and the Greene County Detention Center will be **DISMISSED**.

Second, the Court finds that Plaintiff has not alleged any constitutional wrongdoing by Jail Administrator Willett or Sheriff Holt, and therefore, he has failed to state a claim upon which relief may be granted as to these Defendants. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Instead,

Plaintiff's only complaint against these Defendant appears to be that they were made aware of his allegations of prior assault/excessive force and did not respond favorably to his complaints. Such allegations fail to state a constitutional claim, as "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Accordingly, Defendants Holt and Willett will be **DISMISSED**.

The Court finds, however, that Plaintiff's allegations are sufficient to plausibly infer that Defendants Little and Graham subjected him to excessive force; that Defendants Little, Graham, Morgan, Foster, and Cutshall violated his right to bodily integrity by performing a roadside search of his anal cavity; and that Defendants Foster, Cutshall, and Metcalf denied him a right to adequate medical care. Accordingly, these claims will be allowed to **PROCEED** against Defendants Little, Graham, Morgan, Foster, Cutshall, and Metcalf.

Finally, the Court notes that much of the relief sought by Plaintiff cannot be granted to him, even assuming that he ultimately prevails in this action as to his surviving claims. First, the initiation of criminal charges is a prosecutorial function, and therefore, the Court is without authority to indict Deputy Little of sex crimes and/or require him to register as a sex offender. *See Kalina v. Fletcher*, 522 U.S. 118, 124–25 (1997) (noting prosecutor's duty is to initiate and pursue criminal prosecution); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) (holding prosecutor has authority to decide to file criminal charges). Second, the Court does not make decisions regarding the employment of Defendants, as such action would "unnecessarily intrude[] on [the prison's] operations" and would constitute "an inappropriate use of the court's equity powers." *LaMarca v. Turner*, 995 F.2d 1526, 1543 (11th Cir. 1993) (citations omitted). The Supreme Court has cautioned federal courts from such interference in prison administration. *Shaw v. Murphy*, 532

U.S. 223, 230 (2001). Accordingly, this Court is without authority to suspend the Defendants' employment. *See, e.g., Street v. Rodriguez*, No. 12-13995, 2014 WL 840083, at *5 (E.D. Mich. Mar. 4, 2014) (collecting cases). Finally, release from prison is not available in a § 1983 action, and therefore, the Court cannot grant any request by Plaintiff for medical furlough/release. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Accordingly, these categories of relief are unavailable to Plaintiff and will not be considered further at any stage of these proceedings.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Defendants Wesley Holt, Sig, Roger Willett, and the Greene County Detention Center are **DISMISSED**;

6. This action will proceed only as to Plaintiff's claims that Defendants Little and Graham subjected him to excessive force; that Defendants Little, Graham, Morgan, Foster, and Cutshall violated his right to bodily integrity by performing a roadside search of his anal cavity; and that Defendants Foster, Cutshall, and Metcalf denied him a right to adequate medical care;

7. All other claims against Defendants and any requests for non-monetary relief are **DISMISSED**;

8. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for the remaining Defendants. Plaintiff is **ORDERED** to complete the service packets and return it to the Clerk's Office within twenty (20) days of receipt of this order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4;

9. Service shall be made on Defendants pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

10. Plaintiff is forewarned that if he does not return the completed service packets within the time required, the Court will dismiss this action;

11. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against that Defendant;

12. Plaintiff is **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and to follow the orders of this Court; and

13. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

E N T E R :

_____
**CHIEF UNITED STATES DISTRICT JUDGE**