UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| DANNY RAY ALLEN CUTSHALL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 2:20-CV-25-DCLC-CRW |
| JAKE LITTLE,<br>RICKY GRAHAM,<br>FRANKLYN MORGAN,<br>NICK FOSTER,<br>ERIC CUTSHALL, and<br>TONI MECALF, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint for violation of 42 U.S.C. § 1983. Before the Court are Defendants Little and Graham's motion to dismiss this action as a sanction for Plaintiff's failure to cooperate in discovery [Doc. 35], and Defendants Cutshall, Foster, Metcalf, and Morgan's motion to dismiss this action for Plaintiff's failure to prosecute [Doc. 36]. Plaintiff has failed to respond to either motion, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1. The Court finds that by failing to respond to Defendants' motions to dismiss this action, Plaintiff has waived any opposition to the relief sought. *See* E.D. Tenn. L.R. 7.2.

I. **PROCEDURAL HISTORY**

On July 6, 2020, counsel for Defendants Little and Graham served interrogatories and requests for production of documents on Plaintiff at the Greene County Detention Center, which Plaintiff listed as his address of record [*See* Doc. 29]. When counsel received no response from Plaintiff by September 29, 2020, he submitted a letter to Plaintiff at the Greene County Detention Center requesting the responses [*Id*.]. Plaintiff still failed to answer the discovery requested, and

on November 9, 2020, Defendants filed a motion compel Plaintiff's responses [Doc. 29]. In response to that motion, Plaintiff asked the Court to hold the case in abeyance in light of his anticipated release [Doc. 30]. The Court granted Plaintiff's motion, allowing Plaintiff up to and until January 12, 2021, to comply with Defendants' discovery requests [Doc. 32]. The Court also advised Plaintiff that failure to comply with the Order would result in the case's dismissal [*Id*.]. On January 19, 2021, Plaintiff filed another motion for an extension of time and confirmed that his address on file was correct [Doc. 33]. On January 27, 2021, the Court entered an Order extending Plaintiff's response deadline to March 1, 2021 [Doc. 34].

On March 12, 2021, Defendants Little and Graham filed the instant motion to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) and the Court's Orders of January 12 and 27, 2021 [Doc. 35]. Defendants Metcalf, Foster, Cutshall, and Morgan subsequently filed a motion to dismiss Plaintiff's claims against them based on Plaintiff's failure to keep the Court apprised of his address, as discovery requests forwarded to Plaintiff's address of record have been returned to counsel with a notation that Plaintiff had been released and to "Return to sender/attempted-not known/unable to forward" [Doc. 36 p. 3-5]. Counsel for these Defendants note that Plaintiff was apparently released from the Greene County Detention Center on January 22, 2021 [*Id*. at 4]. Plaintiff has not filed an updated address with the Court.

II. **DISCUSSION**

Rule 37(b) and Rule 41(b) of the Federal Rules of Civil Procedure each provide that dismissal is an appropriate sanction for failure to comply with a Court order. *See* Fed. R. Civ. P. 37(b)(2)(A)(v) and Fed. R. Civ. P. 41(b). Under either provision, the Court considers four factors when considering dismissal:

(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether

2

the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Hartsfield v. United Parcel Serv., Inc*., No. 4:18-cv-69, 2020 WL 1539337, at *2 (E.D. Tenn. Mar. 2, 2020) (quoting *Mager v. Wisconsin Central Ltd*., 924 F.3d 831, 837 (6th Cir. 2019)).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, Plaintiff refused to cooperate in discovery despite this Court's extensions of time allowing him to do so. As such, this first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has prejudiced Defendants, who have spent significant time and resources attempting to conduct discovery with an uncooperative Plaintiff. Therefore, this factor weighs in favor of dismissal.

As to the third factor, the Court explicitly warned Plaintiff that the Court would dismiss this case if he failed to comply with the Order requiring him to cooperate in discovery and/or keeping his address updated [Doc. 32 p. 2]. Thus, this factor weighs in favor of dismissal.

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner proceeding proceed *in forma pauperis*, and he has disregarded the Court's warnings to update his address and comply with discovery. Accordingly, this factor weighs in favor of dismissal.

### III. CONCLUSION

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of this action. Therefore, Defendants' motions [Doc. 35 and 36] will be **GRANTED**,

and this action will be **DISMISSED WITH PREJUDICE**. The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

      **AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

      **SO ORDERED:**

                                          s/Clifton L. Corker
                                          United States District Judge